Harry B. CHARAL, on behalf of himself and all others similarly situated and derivatively on behalf of Franklin Mint Corporation

v.

Charles ANDES, Brian G. Harrison, Michael C. Boyd, Henry W. Broido, Jr., Nelson B. Colton, James M. Doyle, Jr., Gerald C. Dragonetti, Stanley Merves, Donald F. Smith, Martin F. Walsh, Norman Klauder, Frederick C. Waldron, Gilroy Roberts, David R. Dustin, Donald C. Carroll and Franklin Mint Corporation for the purpose of the derivative action.

Civ. A. No. 77–1725.

United States District Court,
E. D. Pennsylvania.

Feb. 6, 1978.

---

498

David Berger, and Sherrie R. Savett, Philadelphia, Pa., for plaintiff.

Matthew J. Broderick, Daniel Mungall Jr., Philadelphia, Pa., for defendants.

### MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court are the motions of plaintiff Harry B. Charal for leave to file a verified second amended complaint and to join Price Waterhouse and Company ("Price Waterhouse") as a party defendant, pursuant to Fed.R.Civ.P. 15(a) and 21, respectively.

Turning to plaintiff's Fed.R.Civ.P. 21 motion first, it appearing that through discovery plaintiff has established a *bona fide*, independent but related claim to the present action against Price Waterhouse, we hold that the motion to join Price Waterhouse as a party defendant will be granted.

Second, in support of its Fed.R. Civ.P. 15(a) motion to file a second verified amended complaint, plaintiff argues that, through discovery, he has been able to develop existing claims and allegations against the original defendants and that the primary purpose of the second amended complaint is to inform the defendants of the claims against them with greater speci-ficity. Plaintiff's original and amended complaints allege certain violations of the securities laws and common law fraud by the Franklin Mint Corporation and certain of its officers and directors. The gist of plaintiff's complaint is that the defendants withheld material adverse information about the operation, finances and nature of the business of the Franklin Mint Corporation and that they disseminated information which contained materially false and misleading facts.

After a careful reading of the proposed second amended complaint and a hearing on the motion to amend held January 26, 1978, it appears to the Court that the additions proposed by the second amended complaint do not state new claims or legal theories against the original defendants, but rather support and expand previously alleged claims and theories. Because the proposed amendments to the complaint appear unduly burdensome to the defendants and unnecessary to support plaintiff's principal allegations, and because no defendant has requested a more definitive statement of the allegations against him, we will deny plaintiff's Fed.R.Civ.P. 15 motion for leave to file a second amended complaint as that motion pertains to allegations against the original defendants.